IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BASIA EL BEY, Administrator of | ) | |
| Tribal Administration Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-1460C |
| v. | ) | (Chief Judge Roumel) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS *PRO SE* COMPLAINT

Pursuant to Rules 41(b) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests the Court to dismiss the complaint filed by *pro se* plaintiff, Basia El Bey, Administrator of Tribal Administration Trust, for failure to prosecute, and failure to state a claim upon which relief can be granted.  In support of this motion, we rely upon the complaint, the following brief, and the attached appendix.[1]

## STATEMENT OF THE ISSUES

1.    Whether the plaintiff trust may be represented *pro se*.

2.    Whether the complaint fails to state a claim upon which relief can be granted.

## BACKGROUND

I.    Plaintiff's Allegations

Plaintiff Basia El Bey, administrator of Tribal Administration Trust, seeks "One Million Dollars against each defendant," for a total of $24 million.  Complaint, ¶ 1; *see also id*. at page 3 ("Order for Relief," ¶ a).  Mr. Bey asserts that several individuals infringed a copyright, as

---

[1] We are filing an identical motion to dismiss in Case No. 20-1459, which was initiated with an identical complaint from the same plaintiff.

retaliation, after they were involved in a "lawsuit starting March 2020"[2] for false arrest, among other things.  *Id.* ¶¶ 4, 12.  Mr. Bey further asserts that these individuals, referred to collectively as "Texas," are agents of the United States.  *Id.*, ¶¶ 4-6.  Mr. Bey identifies the alleged copyright as "reference number CLCN-021919828466-APH."  *Id.*, ¶ 7.

II.    Mr. Bey's Use Of "Sovereign Citizen" Tactics

Mr. Bey's complaint uses the frivolous legal tactics of the "sovereign citizen" movement. *See Gravatt v. United States*, 100 Fed. Cl. 279, 282-83 (2011) (background on sovereign citizen movement).  "So-called sovereign citizens believe that they are not subject to [G]overnment authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."  *Id.* at 282.  Common "sovereign citizen" tactics include the use of UCC filings and copyright claims regarding one's own name.  *E.g.*, *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (discussing both UCC filings and copyright); *United States v. Davis*, 545 F. App'x 513, 517 (7th Cir. 2013) (copyright); *United States v. Graham*, No. 19CR1852SRNKMM, 2020 WL 614808, at *3 (D. Minn. Feb. 10, 2020) (copyright); *Gravatt*, 100 Fed. Cl. at 283 (UCC filings).  "Sovereign citizens" often claim that they have two distinct identities — a real person, and a "strawman" identity written in all capital letters — with the Federal Government having no power over the real person.  *See Monroe*, 536 F.3d at 203 n.4; *McLaughlin v. CitiMortgage, Inc*., 726 F. Supp. 2d 201, 210 (D. Conn. 2010).

In this case, Mr. Bey alleges wrongdoing by several individuals identified by both a normal name, and a capitalized "dba [doing business as]" name.  Complaint, ¶ 4.  Mr. Bey styles himself as the "Administrator of Tribal Administration Trust" (the "trust").  *See generally*

---

[2] As we discuss below, this likely refers to *El Bey et al. v. Dominguez et al.*, No. 2:20-cv-00073-Z-BQ (N.D. Tex.) (*El Bey I*).

Complaint.  Mr. Bey claims that the "trust" owns a copyright, as reflected in Uniform Commercial Code (UCC) Filing No. 18-7639746344.  Complaint, ¶¶ 7-8.[3]  That UCC filing lists dozens of names — with the same address — as "debtors" of the "Tribal Nations United Ministries Trust©."  A1-27.[4]  The UCC filing includes a declaration that "all [m]embers, [m]inisters, [p]astors, and [t]eachers" (1) are "[i]ndigenous Native American Indians from multiple tribes," including "the Mysterious Picts Tribe of Europe" and "the Twelve Tribes of Israel; (2) "agree[ ] to be held in trust by Tribal Nations United Ministries Trust©," in order to be "protected under Ecclesiastic law," "International Law" and "Common Law"; and (3) declare their intentions to be "AN AMERICAN NATIONAL, NOT A CITIZEN" of the United States. A1-3.  The UCC filing also asserts that "violators agree to and will be required to satisfy damages of One Million Dollars" for committing various offenses.  A8-9.  These statements in the complaint and the UCC filing are hallmarks of the "sovereign citizen" movement.[5]

---

[3] As we explain below, the copyright number in paragraph 7 of the complaint appears inauthentic.

[4] "A_" refers to the appendix attached to this brief.

[5] The complaint also mixes in a few traits of the related "Moorish" movement.  *See Murakush Caliphate of Amexem, Inc. New Jersey*, 790 F.Supp.2d 241, 242-245 (D.N.J. 2011) (describing interrelationship between sovereign-citizen and Moorish movements).  The Moorish movement claims a connection to certain tribes, and may use "El" and "Bey" in their names. *E.g.*, *Johnson-Bey v. Lane*, 863 F.2d 1308, 1309 (7th Cir. 1988).  Some "Moorish" adherents claim they are protected from United States law by 18th-century treaties with Morocco.  *See Bey v. Indiana*, 847 F.3d 559, 560-61 (7th Cir. 2017).

III.    Related Pending Litigation Involving Andre Pierre Harris aka "Hasseh El Bey," And
        Ronald Clifton Stovall aka "El Yumbe El Bey"

        This case appears related to another lawsuit pending before the United States District

Court for the Northern District of Texas, *El Bey et al. v. Dominguez et al.*, No. 2:20-cv-00073-Z-

BQ (N.D. Tex.) (*El Bey I*).

        The cases appear related for several reasons.  First, the plaintiffs in *El Bey I* use the same

address for service as the plaintiff in this case.  *See* A28.  Second, all of the individual defendants

listed in *El Bey I* are also listed in paragraph 4 of the complaint here:  Conrad Dominguez,

Phillip Ayala, Suzie Wittenton, Chad Harris, Mark Groneman, Roger Morris III, Ron Joy, Brent

Warden, Don Allred, Ronald Kent Birdsong, Shawn Ballew, Justin Watts, and Warren Kenneth

Paxton Jr.  *Compare* A28-32 *and* A41 *with* Complaint, ¶ 4.

        Third, the plaintiffs in *El Bey I*, as well as the named plaintiff here, are all listed in the

UCC filing referred to in the complaint here.  *See* Complaint, ¶¶ 7-8; A1-27.  The *El Bey I*

plaintiffs initially called themselves "Hasseh El Bey" and "El Yumbe El Bey."  A28.  Hasseh El

Bey and El Yumbe El Bey were eventually identified by the District Court as fictitious names

used by Andre Pierre Harris and Ronald Clifton Stovall, respectively.  A49 n.1-2.  Those

individuals, as well as our named plaintiff here, "Basia El Bey," are "debtors" of the "Trust©"

from the UCC filing mentioned in the present complaint.  *See* Complaint, ¶¶ 7-8; A21 (Basia El

Bey); A3 (Andre Pierre Harris); A16 (Ronald Clifton Stovall); A20 ("Andre Pierre Harris-El

Bey"); A27 ("Ronald Clifton Stovall-El Bey").

        Fourth, we have identified several other connections between the name "Basia El Bey"

and the plaintiffs in *El Bey I* (Andre Pierre Harris aka "Hasseh El Bey," and Ronald Clifton

Stovall aka "El Yumbe El Bey," A49 n.1-2).  "Basia El Bey" is the service-of-process agent for

"Andre P. Harris LLC," a California business entity.  A77.  "Basia El Bey" is listed as an

4

executive of "A&K Legacy LLC," an Oklahoma business entity controlled by "Ronald Stowvall."  A77.  On May 31, 2018, "Hasseh El Bey" filed a complaint with the United States District Court for the Central District of California as a "trustee" on behalf of Andre Pierre Harris, "Basia El Bey," and others.  A80.  On January 18-19, 2019, "Hasseh El Bey" filed statements listing Hasseh El Bey, Basia El Bey, and Andre Pierre Harris as fictitious business names of a trust.  A102.  And, "Andre P. Harris-El Bey" has either registered or attempted to register the phrase "El Bey" as a trademark.  A95-96.

Finally, *El Bey I* appears related to the case here because the present complaint alleges retaliation for a March 2020 lawsuit, Complaint, ¶ 12, and *El Bey I* began on March 24, 2020. A41.  Thus, *El Bey I* appears related to this case.

IV.     The Events That Led To *El Bey I*

In *El Bey I*, the plaintiffs allege that their Constitutional rights were violated when they were arrested in December 2019, in Oldham County, Texas, while they were traveling on "tribal government ministerial business" in an "Indian tribal government non-commercial not-for-hire private vehicle."  *See* A41-48.  They were stopped by a patrolman for speeding on a highway, and for passenger Hasseh El Bey not wearing a seatbelt.  A49.  Upon smelling marijuana, the patrolman called for two more officers as backup.  A50.  The three patrolmen then searched the car and found more than a pound of marijuana.  A50.  The plaintiffs were arrested for possession of marijuana, and giving false names to law enforcement.  A50.  The plaintiffs remained in jail for approximately seven days until they posted $10,000 bail.  *See* A50; *see also* A45, ¶¶ 42-43 (alleging confinement from December 10-17, 2019).  They initiated *El Bey I* against dozens of law-enforcement and court officials who they viewed as connected to their traffic stop, booking process, and probable cause / bail hearing.  A50-51.

<u>ARGUMENT</u>

I.    <u>Legal Standards</u>

A motion to dismiss pursuant to RCFC 12(b)(6) will be granted if the facts asserted in the complaint do not entitle the plaintiff to a legal remedy.  *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  RCFC 8(a)(2).  The factual allegations must "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In ruling upon a motion to dismiss pursuant to RCFC 12(b)(6), the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor."  *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

II.    The Court Should Dismiss The Complaint For Lack Of Prosecution Because A Trust May Not Proceed *Pro Se*

The Court should dismiss the complaint for lack of prosecution because Mr. Bey is filing this action on behalf of a trust, as its administrator, and *pro se* litigants may not represent business associations.  RCFC 83.1(a)(3) ("An individual who is not an attorney . . . may not represent a corporation, an entity, or any other person in any proceeding before this court."); *Alli v. United States*, 93 Fed. Cl. 172, 176 (2010) ("The rule precluding non-attorneys from representing corporations is clear and unqualified and does not contemplate exceptions." (internal quotations and ellipses omitted)); *James A. Williams Tr. v. United States*, No. 10-753T, 2011 WL 6888650, at *2 n.5 (Fed. Cl. Dec. 29, 2011) ("Mr. Williams may not represent the interests of the trust in a *pro se* capacity[.]").

There may be a limited exception to this rule when an estate administrator is the sole beneficiary of an estate with no creditors.  *E.g.*, *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("We hold that the administrator and sole beneficiary of an estate with no creditors may appear

Case 1:20-cv-01460-TMD   Document 8   Filed 12/14/20   Page 7 of 9

*pro se* on behalf of the estate."); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court.").  Even assuming the Court were to adopt this exception, it would not apply here.  The "trust" identified in the complaint purports to represent several people, not just one.  *See* Complaint, ¶ 8; A1-27.  Therefore, plaintiff cannot proceed *pro se*, and the Court should dismiss the case for lack of prosecution.  *See* RCFC 41(b); *Alli*, 93 Fed. Cl. at 177 ("Where a corporate-plaintiff fails to obtain counsel, the ordinary remedy is to dismiss its complaint for lack of prosecution.").

III.     <u>Mr. Bey Fails To State A Claim Upon Which Relief Can Be Granted</u>

        In the alternative, the complaint should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.  The complaint does not contain factual allegations that "raise a right to relief above the speculative level," *Bell Atlantic*, 550 U.S. at 555, for at least three reasons.

        First, Mr. Bey has not shown that he has a registered copyright.  Mr. Bey cannot proceed with a copyright-infringement claim without a registered copyright claim.  17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157-58 (2010); *Ford Motor Co. v. United States*, 635 F.3d 550, 554 (Fed. Cir. 2011) (recognizing that "the Supreme Court held that . . . copyright registration is a precondition to filing a valid infringement claim"); *Roberson v. United States*, 115 Fed. Cl. 234, 241 (2014) ("To maintain an infringement suit . . . a plaintiff must first satisfy a procedural prerequisite; that is, a party must register his or her copyright with the United States Copyright Office."); *Keehn v. United States*, 110 Fed. Cl. 306, 334 (2013) ("As a condition to bringing suit for copyright infringement, a plaintiff must establish that the copyright has been registered, applied for, or denied").

Here, Mr. Bey has not presented a copyright-registration certificate, and the alleged copyright number — "CLCN-021919828466-APH," Complaint, ¶ 7 — appears inauthentic. Registered copyright numbers cannot exceed 12 characters, and begin with only two or three letters.  *See Johnson v. Carter*, No. CV 18-447, 2018 WL 2267824, at *2 (W.D. Pa. May 16, 2018) (taking judicial notice of the fact that "copyright registration numbers must have a total of 12 characters"); A97 (research guide from U.S. Copyright Office website stating "All Copyright registration numbers must have a total of 12 characters . . . . Type 2 letters followed by 10 numbers, or 3 letters followed by 9 numbers"); A99 (U.S. Copyright Office online catalog, stating "Registration numbers must be 12 characters long.  Type 2 letters followed by 10 digits, or 3 letters followed by 9 digits . . . .").   The number in the complaint contains too many characters, and begins with too many letters.  Thus, Mr. Bey has not shown that he has a registered copyright

Second, the complaint does not identify what the alleged copyright protects, let alone something that could be copyrighted.  The referenced UCC document appears to identify the copyrighted work as the "Tribal Nations United Ministries Trust©."  Complaint, ¶ 8; A1-27.  Words and short phrases such as names, titles, and slogans cannot be protected by copyright.  37 C.F.R. § 202.1(a); *e.g.*, *Miles v. United States*, No. 14-416C, 2014 WL 5020574, at *3, *4 n.7 (Fed. Cl. Oct. 6, 2014) (rejecting *pro se* plaintiff's claim that his name had copyright protection).

Finally, the complaint provides no explanation of how the alleged copyright was infringed.  To attempt to connect the allegations to the United States, the complaint asserts, nonsensically, that "Texas" is an agent of the United States.  Complaint, ¶¶ 5-6.[6]  In any event,

---

[6] This Court's jurisdiction to entertain copyright infringement claims is limited to infringement "by the United States, by a corporation owned or controlled by the United States, or

the complaint fails to identify any infringing act by anyone.  These "unadorned, the-defendant-unlawfully-harmed me accusations" do not satisfy RCFC 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  For these reasons, the complaint should be dismissed for failure to state a claim upon which relief can be granted.  RCFC 12(b)(6).

<u>CONCLUSION</u>

For the foregoing reasons, we respectfully request the Court to dismiss the complaint for failure to prosecute, or in the alternative, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

  /s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

  /s/ Joshua A. Mandlebaum
JOSHUA A. MANDLEBAUM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-3091
Fax: (202) 353-0461
joshua.a.mandlebaum@usdoj.gov

December 14, 2020                                    Attorneys for Defendant

---

by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government[.]"  28 U.S.C. § 1498(b).